CLARE E. CONNORS
United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
**Feb 28, 2023**
Pam Hartman Beyer, Clerk of Court

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Michael.albanese@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | MAG. NO. 23-00250 RT |
|---|---|---|
| Plaintiff, | ) ) ) | CRIMINAL COMPLAINT |
| vs. | ) ) ) | |
| CHADOE TURALDE, | ) ) | |
| Defendant. | ) ) ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

<u>Possession of Firearm and Ammunition by a Prohibited Person</u>
(18 U.S.C. § 922(g)(8))

On or about February 28, 2023, within the District of Hawaii, CHADOE TURALDE, the defendant, was subject to a court order issued in the Family Court of the First Circuit, State of Hawaii, FC-DA No. 20-1-1691, on August 24, 2020, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, or threatening an intimate partner and one or more children of an intimate partner, and restraining him from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner and one or more children of the intimate partner, that by its terms explicitly prohibited the use, attempted use or threatened use of physical force against such intimate partner and one or more children of such intimate partner that would reasonably be expected to cause bodily injury, that included a finding that the defendant was a credible threat to the physical safety of the intimate partner and children of the intimate partner, did knowingly possess a firearm and ammunition, namely, one AR-15 rifle, 154 rounds of .223 caliber ammunition, and 29 rounds of 9mm caliber ammunition, said firearm and ammunition having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(8).

I further state that I am a Special Agent with Homeland Security Investigations, and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint", which is attached hereto and incorporated herein by reference.

DATED: HONOLULU, HAWAII: February 28, 2023

*[signature]*

CHARLES L. WADDELL
Special Agent
Homeland Security Investigations

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4.1(b)(2), this 28th day of February, 2023, at Honolulu, Hawaii.

*[signature]*

Rom A. Trader
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, CHARLES L. WADDELL, being duly sworn, deposes and states as follows:

1. I am a special agent of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI").

2. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. As an HSI Special Agent, I have authority to enforce federal criminal violations within Title 18, Title 26 and Title 21 of the United States Code. My duties and responsibilities include but are not limited to the investigation of possible criminal violations of federal firearms laws.

3. I am currently assigned to HSI Border Enforcement Security Taskforce ("BEST") in Honolulu, Hawaii. I previously worked as a Special Agent for the Air Force Office of Special Investigations for 17 years and graduated the Criminal Investigator Training Program (CITP) from the Federal Law Enforcement Training Center in 2005. I graduated from the Homeland Security Investigations Special Agent Training (HSI-SAT) Academy in 2022. As part of the CITP and

HSI-SAT Training, I received extensive instruction in the areas of criminal law, firearms law, firearms training, rules of evidence, and interview techniques. My law enforcement experience includes conducting physical surveillance, interviewing witnesses, victims and suspects, writing affidavits for and executing search warrants, analyzing phone records obtained from subpoenas, search warrants, pen registers, trap and trace devices, and collecting and processing evidence.

4. As an HSI Special Agent, I have authority to enforce federal criminal violations within Title 26, Title 21, and Title 18 of the United States Code. My duties and responsibilities include but are not limited to the investigation of possible criminal violations of weapons trafficking Title 26, (United States Code, Section 5861 et. seq) and firearms offenses (Title 18, United States Code, Section 922, et. seq.).

5. I have participated in numerous investigations where I have (a) conducted physical and wire surveillance; (b) executed search warrants; and (c) reviewed and analyzed numerous recorded conversations and documents of firearm traffickers. Through my training, education, and experience, I have become familiar with (a) the manner in which firearms are imported and distributed; (b) the method of payment for such firearms; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. This affidavit is intended to show merely that there is sufficient probable cause for the specified violation of federal law and does not set forth all of my knowledge about this matter.

7. On February 27, 2023, a Federal Search Warrant was signed by the Honorable Rom Trader, Mag. No. 23-00233 RT, authorizing the search of a single family residence on Kamehameha Highway in Kaneohe, HI. Part of the probable cause supporting that warrant was that U.S. Customs and Border Protection ("CBP") officials had intercepted a parcel from China, addressed to "chadoeturalde" at the above-referenced residence, containing ten "glock switches."[1]

8. On February 28, 2023, HSI and Honolulu Police Department personnel executed the above-described search warrant. Prior to the execution of the warrant, investigators observed a vehicle depart the residence (later determined to be the defendant). At the time of the execution, the defendant's mother and sister were the only individuals within the residence, but the defendant

---

[1] Based on my training and experience, I am aware that a "glock switch" is a device that, when properly installed on a semi-automatic pistol or rifle, will allow the firearm to expel more than one projectile by a single pull of the trigger. Once converted, the firearm may constitute a "machinegun," as that term is defined by the National Firearms Act.

returned shortly after investigators entered. When the defendant exited his vehicle, he asked (without prompting) if this was this for the "stuff" he ordered online. The defendant then stated he wanted to let investigators know that there were weapons in the residence and knew he was not supposed to have them because he had a Protective Order against him.

9. During the execution of the Federal Search Warrant the following items were seized: one AR-15 rifle, one loaded 10-round .223 caliber magazine, two loaded 30-round .223 caliber magazines, 84 .223 caliber ammunition, one black 9mm privately manufactured firearm (also known as a "ghost gun") loaded with 9 rounds of ammunition, two fully loaded 10 round 9mm pistol magazines, one concealment holster, one grey lower receiver for a 9mm firearm (Polymer), one black lower receiver for an AR-15 (Polymer), and one empty Polymer 80 box.

10. On February 28, 2023, I read the defendant his *Miranda* Rights, which he waived and agreed to speak with myself and Special Agent Joseph Abrew. The defendant stated in substance that he ordered the "glock switches" from a website he previously ordered hats from. The defendant stated that he wanted to put them on his ghost gun and did not intend to sell any of them. The defendant further stated in substance that he knew he was not supposed to possess any firearms but wanted to have them to protect his family. The defendant further stated that he purchased the AR-15 from an unknown individual who was walking down the

street for $500.00.

11.     The defendant was subsequently placed under arrest and transported to the HSI Office for processing. The defendant signed a statement admitting that he owned the weapons in the residence and knew he was not allowed to possess the firearms.

12.     Prior to the execution of the search warrant, I conducted a criminal history check for the defendant. Based on this investigation, I determined that the defendant had an active, family court Protective Order against him stemming from a State of Hawaii arrest for Terroristic Threatening (which did not result in a conviction). I have reviewed an electronic copy of that Protective Order, which was issued in the Family Court of the First Circuit, State of Hawaii, FC-DA No. 20-1-1691 by the Hon. David J. Gierlach and observed that the Protective Order indicates (i) it is valid until August 25, 2025; (ii) that it was issued after reasonable notice and opportunity for the defendant to be heard; (iii) that the order was necessary to prevent domestic abuse or a recurrence of abuse; (iv) that the defendant is prohibited from threatening, physically abusing, or psychologically abusing the petitioner or anyone living with the petitioner, including the use or attempted use of any physical force against, or any harassment of, the petitioner or nay person who resides with the petitioner; and (v) that the defendant and anyone acting on his behalf are prohibited from "possessing, controlling, or transferring

ownership of any firearm, ammunition, or firearm permit or license for the duration of" the Protective Order.

13. I further spoke to Special Agent Christopher Tuitele with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") who examined the AR-15 and the above-described ammunition. SA Tuitele reported to me that the AR-15 and the ammunition traveled through interstate or foreign commerce because neither was manufactured within the State of Hawaii.

FURTHER AFFIANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii, February 28, 2023.

Charles L. Waddell
Special Agent
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 3:11 p.m. on February 28, 2023.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.l(b)(2), this 28th day of February, 2023, at Honolulu, Hawaii.



Rom A. Trader
United States Magistrate Judge

9